UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVIDSON LEWIS (#331663)                               CIVIL ACTION

VERSUS

BONNIE JACKSON, ET AL.                                 NO. 14-0468-JWD-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 1, 2016.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVIDSON LEWIS (#331663)                            CIVIL ACTION

VERSUS

BONNIE JACKSON, ET AL.                              NO. 14-0468-JWD-EWD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are Motions to Dismiss filed by the defendants (R. Docs. 15, 20 and 22). These motions are not opposed.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against State District Court Judge Bonnie Jackson, State District Court Commissioner Quintillis Lawrence, Judicial Assistant to Commissioner Lawrence, Trinitria Carey, and State Clerk of Court Doug Welborn. The plaintiff complains that a Motion for Production of Documents filed by him in his criminal case in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, was not properly handled or addressed by the defendant judicial officers and that the defendant Clerk of Court has repeatedly failed to respond to requests for copies of documents that are allegedly part of the record in the plaintiff's criminal proceedings.

The defendants move to dismiss the plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff

must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Even a *pro se* complainant, however, must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, the plaintiff alleges that he has repeatedly forwarded correspondence to the office of the Clerk of Court for the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, seeking to obtain copies of documents that are allegedly a part of the record in his criminal proceedings. According to the plaintiff, these documents consist, *inter alia,* of the competency reports prepared by psychiatrists and/or psychologists in connection with his criminal prosecution in 1998. The plaintiff complains that he has received no response to his repeated inquiries. Accordingly, on January 2, 2013, the plaintiff filed a Motion for Production of Documents in the state court criminal proceedings, requesting production of the referenced competency reports and other proceedings. When no disposition was forthcoming in connection with that motion, the plaintiff filed, in May 2013, an application for a writ of mandamus in the state intermediate appellate court, seeking to compel a ruling in connection with the motion for production. That application was denied by the appellate court on July 15, 2013, for the stated reason that the trial court had purportedly acted on the plaintiff's motion on May 20, 2013. *See* R. Doc. 1-1 at p. 20. The appellate court also stated, in denying the plaintiff's application, that:

> It appears that relator has not properly requested records under the Public Records Law. Requests pursuant to the Public Records Law cannot be enforced as part of a criminal proceeding. Relator should follow the enforcement procedures set forth in La. R.S. 44:35(C).

*Id.* Whereas the plaintiff thereafter sought further review before the Louisiana Supreme Court in connection with that determination, the Supreme Court denied supervisory writs on March 21, 2014. The plaintiff complains that he never received a copy of the purported May 20, 2013, ruling of the trial court. Instead, when the plaintiff wrote to Commissioner Lawrence's office, seeking to obtain a copy of the ruling, he received a response from Commissioner Lawrence's assistant, defendant Trinitria Carey, enclosing a copy of an unrelated ruling dated March 20, 1013, that did

3

not pertain to his pending motion for production of documents.

Based on the foregoing, the plaintiff contends that his right to obtain copies of public records at his own expense has been "systematically denied" by the defendants and that his right to due process under state and federal law has been impeded by the mis-handling of his motion for production of documents in the state district court and by a misstatement to the appellate court that the motion had been ruled upon on May 20, 2013. The plaintiff prays for monetary damages and for injunctive relief, compelling the defendants to provide the plaintiff with the requested documentation, as well as copies of other proceedings in his criminal case.

Initially, to the extent that the plaintiff seeks the recovery of monetary damages from the defendants in their official capacities,[1] the defendants are correct that 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because such officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id.* at 25. Accordingly, the plaintiff's claim asserted against the defendants in their official capacities for

---

1. It is unclear from the plaintiff's pleadings in which capacity he has sued the defendants. Notwithstanding, the Court interprets the pleadings of *pro se* petitioners liberally. *See Erickson, supra*, at 94; *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the Court will interpret the plaintiff's Complaint as naming the defendants in both their individual and their official capacities.

monetary damages is subject to dismissal. In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains potentially viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29.[2]

Turning to a consideration of the plaintiff's claims asserted against the defendants in their individual capacities, the Court next finds that the plaintiff is barred from the recovery of compensatory damages in this capacity by reason of 42 U.S.C. § 1997e(e). Pursuant to that statute, a prisoner plaintiff is prohibited from the recovery of compensatory damages in the absence of a showing of physical injury. The plaintiff has not alleged that he has sustained any physical injury as a result of the defendants' alleged wrongdoing. Accordingly, the plaintiff's claim for compensatory damages must be rejected. Notwithstanding, the plaintiff might still be able to recover nominal or punitive damages upon a showing that the defendants violated his constitutional rights. *See Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

The Court next addresses the assertion made by defendants Bonnie Jackson and Quintillis Lawrence that they are entitled to absolute judicial immunity in connection with the plaintiff's claims asserted against them. In this regard, while judicial immunity is a question of law to be determined upon the facts of each case, it is clear that this immunity extends to claims arising from acts performed in a defendant's judicial role. *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir.

---

2. The plaintiff's Complaint also includes a request for prospective injunctive relief, and such a claim, even if asserted against a state official in an official capacity, is allowed to proceed and is not prohibited under the Eleventh Amendment because such a claim is not seen to be a claim against the state. *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10; 15 *Am. Jur. 2d Civil Rights* § 101. Thus, there is no jurisdictional bar to the plaintiff's claim for equitable relief asserted against the defendants.

1982)*; see also*, *Kemp ex rel. v. Kemp*, 324 Fed.Appx. 409, 411 (5th Cir. 2009).   This immunity shields a judge unless he or she acts in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity.   *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Brewer v. Blackwell, supra,* 692 F.2d at 396.   *See also Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983).   Moreover, this immunity applies however erroneous the judicial action may be or however evil the motive.   *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989)(citations omitted).   Further, the absolute judicial immunity extends to employees of the court who are acting pursuant to instruction or pursuant to procedures implemented by the judges for the purpose of assisting the judges in carrying out their judicial functions.   *See Severin v. Parish of Jefferson*, 357 Fed. Appx. 601, 605 (5th Cir. 2009), and cases cited therein.

Applying this test here, it is clear that the alleged acts of Judge Jackson in presiding over the plaintiff's criminal proceedings and in addressing one or more motions filed by the plaintiff before her court were within the scope of the defendant's judicial authority and were undertaken in her judicial capacity.   Therefore, defendant Jackson is shielded from the plaintiff's claims by absolute judicial immunity and is entitled to dismissal of the claims asserted herein.   Further, as noted above, this immunity extends to Commissioner Quintillis Lawrence, who was charged with formulating and making recommendations to the assigned judge and thereby assisting the judges of the court in the performance of their judicial functions.   Accordingly, the plaintiff's Complaint fails to state a claim under § 1983 against these defendants, and they are entitled to dismissal as a matter of law.

The plaintiff has also named as defendants herein Doug Welborn, the Clerk of Court for the Nineteenth Judicial District Court, and Trinitria Carey, the judicial assistant to Commissioner

6

Lawrence. The plaintiff complains that defendant Welborn's office has failed to respond to repeated written requests seeking information about the cost of obtaining copies of documents filed in his criminal case and that Trinitria Carey erroneously forwarded a copy of a Ruling dated March 20, 2013, when he requested a copy of a Ruling dated May 20, 2013.

A court clerk, acting upon specific instructions from judicial authorities is entitled to absolute judicial immunity because the clerk is seen to be acting as an extension of the judicial authority. *See Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). In other respects, a court clerk performing routine tasks not explicitly commanded by a court decree or by the judge's instructions is only entitled to qualified immunity from suits brought pursuant to § 1983. *Id. See also Leroy v. Whyte, 2008 WL 906296, *3 (E.D. La., April 2, 2008)*.

With regard to defendant Welborn, the Court finds that the plaintiff has failed to include sufficient factual allegations regarding the personal participation of this defendant in the events alleged. In this regard, in order for a person to be found liable under § 1983, the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal, supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also* **H***Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious

7

liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

In the instant case, whereas the plaintiff alleges that he repeatedly forwarded correspondence to defendant Welborn's *office* and that his correspondence was not acknowledged, there are no factual allegations suggesting that defendant Welborn ever personally received or reviewed the correspondence or was otherwise subjectively aware of the plaintiff's requests for copies of the criminal records. Instead, it is virtually certain that the plaintiff's correspondence, if it was in fact received in the defendant's office and if it fact complied with the Louisiana Public Records Law, was opened and dealt with by one or more subordinate employees. Thus there is an insufficient factual basis upon which to find defendant Welborn liable for the events complained of. *See Bramlett v. Woodburn*, 2011 WL 195674 (N.D. Tex. Jan. 6, 2011), *affirmed*, 449 Fed. Appx. 384 (5th Cir. 2011) (dismissing a claim asserted against a state clerk of court where there was no indication that the action complained of had been taken by the clerk instead of a subordinate). Further, the plaintiff has failed to state a claim as to defendant Welborn in any event because a failure to honor a public records request is a violation of state law only and does not implicate any federal constitutional or statutory rights. *See Williams v. Kreider*, 1992 WL 245914, 3 (E.D. La. Sept. 24, 1992), *affirmed*, 996 F.2d 306 (5th Cir. 1993) (finding that an inmate's claim that an official had violated the Louisiana Public Records Law was based solely on state law and failed to present a federal constitutional violation cognizable under § 1983). *See also Rinker*

*v. New Orleans District Attorney*, 2010 WL 2773236, *6 (E.D. La. June 15, 2010) (same); *Harris v. Orleans District Attorney's Office*, 2009 WL 3837618, *3 (E.D. La. Oct. 13, 2009) (same); *Johnson v. Morrell*, 2009 WL 2599286, *2 (E.D. La. Aug. 17, 2009), *affirmed*, 391 Fed. Appx. 333 (5th Cir. 2010). Finally, whereas the plaintiff attempts to invoke the constitutional protection of the Due Process Clause by asserting that the withholding of the referenced documentation violated his rights under that provision, at least one Fifth Circuit panel has addressed this argument and rejected a similar contention, finding that the Due Process Clause is not violated because state law provides an adequate post-deprivation remedy in the form of access to the state courts. *See Williams v. Kreider, supra*, 996 F.2d at 306 (analyzing a similar contention and finding, under the *Parratt-Hudson* doctrine,[3] that the existence of an adequate post-deprivation rendered the plaintiff's claim meritless). Accordingly, in the absence of any factual allegation that would support an abrogation of the qualified immunity to which defendant Welborn is entitled, the Court concludes that the plaintiff's claim asserted against this defendant is likewise without legal foundation and must be dismissed as a matter of law.

Similarly, the plaintiff's claim asserted against Trinitria Carey, the judicial assistant to Commissioner Quintillis Lawrence, is not sufficient to abrogate the qualified immunity to which this defendant is entitled. Other than asserting that defendant Carey responded to a written inquiry by the plaintiff and erroneously provided a copy of a state court ruling dated March 20,

---

*3. Parratt v. Taylor*, 451 U.S. 527 (1982); *Hudson v. Palmer*, 468 U.S. 517 (1984). The underlying rationale of *Parratt* and *Hudson* is that when deprivations are effected through negligent wrongful conduct on the part of state employees, pre-deprivation procedures are simply "impracticable" since the state cannot know in advance when such deprivations will occur. *Hudson v. Palmer, supra, 468 U.S. at 533*.

2013, instead of a requested ruling dated May 20, 2015, the plaintiff makes no allegation relative to this defendant. It appears, therefore, that the extent of the plaintiff's claim as to defendant Carey is that the defendant negligently forwarded to him a different pleading than that requested. There is no suggestion that this conduct was intentional or was undertaken for the purpose of obstructing the plaintiff's access to the courts. Accordingly, the Court finds that the plaintiff has failed to allege facts sufficient for a finding of liability as to defendant Carey. *See Bramlett v. Woodburn, supra, 449 Fed. Appx. at 384* (upholding the dismissal of an inmate's claim asserted against a state court clerk for negligently failing to provide notice of a judgment, noting that "negligence cannot support § 1983 action for violation of due process").

On a final note, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, considering that the Court recommends the dismissal of the plaintiff's federal claims asserted herein, the Court further recommends that supplemental jurisdiction be declined in connection with the plaintiff's potential state law claims.

## **RECOMMENDATION**

It is recommended that the Court decline the exercise of supplemental jurisdiction over the plaintiff's state law claims and that the defendants' Motions to Dismiss (R. Docs. 15, 20 and 22) be granted, dismissing the plaintiff's federal claims asserted against the defendants, with prejudice,

10

and that this action be dismissed.[4]

Signed in Baton Rouge, Louisiana, on March 1, 2016.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

4. The Court declines to provide the plaintiff with an opportunity to amend his Complaint to attempt to better allege a cause of action against the defendants. Not only has he failed to oppose the defendants' motion to dismiss and failed to make any attempt to amend his Complaint to respond to the defendants' contentions, there is no suggestion that he could provide any factual allegations that suggest the personal, direct and intentional wrongdoing of the defendants in the events of which he complains.

11